UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RENE VILCHES                                        Case Number:

    Plaintiff,

v.

EXPRESS FREIGHT
INTERNATIONAL, INC.

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiff, RENE VILCHES, by and through the undersigned counsel, hereby files this action under Title I and Title V of the Americans with Disabilities Act of 1990 (the ADA), Title I of the Civil Rights Act of 1991, and invokes the Court's supplemental jurisdiction for claims under the Florida Civil Rights Act, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff, who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission alleges that Plaintiff was terminated due to his disability.

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331. This action is authorized and instituted pursuant to Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Section 1391(b) because the employment practices alleged to be unlawful were committed within this jurisdiction.

## PARTIES

3. Plaintiff, RENE VILCHES, is a Florida resident, sui juris. Plaintiff was diagnosed with Right Tonsillar Squamous Cell Carcinoma that substantially limited major life activities. Plaintiff therefore qualifies as an individual with disabilities as defined by the ADA and at all times hereto, was a qualified individual with a disability within the meaning of the ADA.

4. At all relevant times, Defendant, EXPRESS FREIGHT, has continuously been a Florida corporation, doing business in the State of Florida and has continuously had at least fifteen employees.

5. At all relevant times, Defendant, has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U. S. C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U. S. C. § 2000e(g) and (h).

6. At all relevant times, Defendant, has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U. S. C. § 1211(2).

## STATEMENT OF FACTS

7. In 2014, Plaintiff was hired by Defendant as a truck driver.

8. On or about July 24, 2015, Plaintiff was diagnosed with cancer and began chemotherapy on September 16, 2015.

9. On or about September 22, 2015 Defendant terminated Plaintiff from his position.

10. At the time, the Plaintiff was disabled due to cancer which substantially limited major life activities.

11. Plaintiff was able to perform the essential functions of being a truck driver and never had any issue with his attendance at work—absenteeism was not the reason Plaintiff was fired—he was fired because Defendant unlawfully discriminated against him on the basis of his disability.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

12. Plaintiff realleges allegations in paragraphs 1 through 11.

13. The ADA expressly prohibits, among other things, discrimination in all employment practices including job application procedures, hiring, firing, and other terms, conditions, and privileges of employment. The ADA applies to all employment-related activities.

14. Plaintiff suffered from cancer and chemotherapy treatments.

15. As a result of Plaintiff's disabilities, he was perceived as disabled by the Defendant.

16. At all times material hereto, defendant was a covered employer within the meaning of the ADA.

17. On or about September 22, 2015, Plaintiff was terminated from his position as a truck driver with Defendant even though Plaintiff was qualified in all respects for the position, in violation of the ADA.

18. Defendant violated the ADA by denying Plaintiff employment opportunities and terminating his employment because of his actual and/or perceived disability.

19. On June 16, 2016, Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (hereinafter "the Commission") alleging violations of Title I of the ADA by the Defendant. (See Exhibit A)

20. On April 28, 2016, the Commission issued Plaintiff his Right to Sue. (See Exhibit B)

21. All conditions precedent to the institution of this lawsuit have been fulfilled.

22. Since at least June 2012, Defendants engaged in unlawful employment practices.

23. The effect of the practices complained of above has been to deprive Plaintiff, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

24. As a direct and proximate result of these violations of his rights under the ADA, Plaintiff has suffered damages in the form of past pecuniary losses. In addition he has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

25. The unlawful employment practices complained of above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff, demands judgment against Defendant, including, but not limited to the following:

a. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of a disability;

b. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices;

c. Order Defendants to make whole Mr. Giraldo by providing appropriate backpay with prejudgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

d. Order Defendants to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that they will not discriminate

    against any employee because of a disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under that statute;

e. Order Defendants to make whole Plaintiff by providing compensation for past pecuniary losses, in amounts to be proven at trial;

f. Order Defendants to make whole Plaintiff by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be proven at trial;

g. Order Defendant to pay Plaintiff punitive damages for their callous indifference to his federally protected right to be free from discrimination based on disability in the workplace;

h. Grant such further relief as the Court deems necessary and proper; and award the Plaintiff his attorneys fees and costs in this action.

## DEMAND FOR JURY TRIAL

The Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

*Respectfully submitted*,

THE CORONA LAW FIRM
3899 NW 7th Street, 202B
Miami, Florida  33126
Ph: (305) 266-1150
Fax: (305) 266-1151
Email: amorgado@coronapa.com
Secondary: labor@coronapa.com


BY: /s/ Allyson Morgado
Ricardo Corona, Esq.
FL Bar No. 111333
Allyson Morgado, Esq.